**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4528**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAVONTA JONES,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:10-cr-00140-RJC-1)

———————

Submitted: March 29, 2012            Decided: April 2, 2012

———————

Before WILKINSON, KING, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Henderson Hill, Executive Director, Elizabeth A. Blackwood, Research and Writhing Attorney, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Melissa Louise Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavonta Jones pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and, because Jones qualified as an armed career offender under 18 U.S.C. § 924(e)(2) (2006), the district court sentenced him to the statutory mandatory minimum sentence of 180 months' imprisonment. Jones' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Jones' sentence. Jones was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Because Jones did not object to the Guidelines calculations in his presentence report, argue for a sentence different from the one imposed, or challenge the adequacy of the district court's explanation of its sentencing decision, we review it for plain error. United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). Our review of the record reveals no procedural error in the district court's determination of Jones' sentence. The district court properly noted the applicable statutory minimum and adopted the proper Guidelines range calculations for Jones' conviction. The district court also properly considered the factors listed in 18 U.S.C. § 3553(a) and explained Jones' sentence in light of this consideration.

2

We next consider the substantive reasonableness of the sentence, taking into account the "totality of the circumstances, including the extent of any variance from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, the government has not moved for a departure from the Guidelines range due to the defendant's substantial assistance, the district court lacks discretion to impose a sentence below the statutory minimum. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Moreover, the imposition of a statutory mandatory minimum sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). In Jones' case, his 180-month sentence was the minimum sentence required by statute. See 18 U.S.C. § 924(e). Accordingly, we find that the sentence was substantively reasonable, and conclude that the district court committed no error in its imposition.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Jones.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>